IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISRICT OF ILLINOIS

| | |
|---|---|
| **GARY YOUNCE,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) Cause No.: 3:07-cv-00277 <br> **NUPLEX RESINS, L.L.C.** ) <br> **Serve: CT Corporation System** ) <br>     **208 So. LaSalle St.-Ste. 814** ) <br>     **Chicago, IL 60604** ) <br> ) <br> Defendant. ) <br> ) | |

# **COMPLAINT**

COMES NOW Plaintiff Gary Younce to propound the following Complaint against Nuplex Resins, L.L.C. (hereinafter referred to as "Nuplex"):

1. Plaintiff filed Charges of Discrimination with the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC") within 100 days of the alleged discrimination.

2. Plaintiff received a Notice of Suit Rights for his complaint against Nuplex from the EEOC on or about February 15, 2007.

3. Plaintiff has fully complied with all prerequisites to jurisdiction of this Court under Title VI, 29 U.S.C.A. Section 621 et. seq. and 42 U.S.C.A. Section 12101 et. seq. Jurisdiction of Plaintiff's claims is conferred upon this Court pursuant to a federal question of law.

4. Venue is proper in this district pursuant to 28 U.S.C.A. Section 139 (b)(2) and 28 U.S.C.A. Section 105 (a)(2) because Defendant's unlawful acts, as detailed herein, were committed Madison County, Illinois.

5. Plaintiff requests a trial by jury.

6. At all relevant times herein, Defendant was an employer according to 42 U.S.C.A. Section 2000.

7. At all relevant times herein, Defendant conducted business in Madison County, Illinois.

8. All of the actions, conduct and omissions of Defendant were performed by Defendant's agents, representatives and employees in the course and scope of their employment and/or agency with Defendant.

9. Plaintiff's employment with Defendant began on March 1, 1989.

10. Defendant terminated Plaintiff's employment on June 29, 2006.

11. Prior to his termination, Plaintiff suffered from health problems and was a member of a protected class under The Americans With Disabilities Act.

12. In spite of his health problems, Plaintiff was fully capable of performing his job duties with minimal accommodation.

13. Defendant would not have terminated Plaintiff but for Plaintiff's health problems and/or Defendant's perception of Plaintiff's health problems.

14. Plaintiff was replaced by an employee who was not protected by The Americans With Disabilities Act.

15. Defendant told Plaintiff that he was being terminated because his performance was unsatisfactory; this explanation was merely a pretext for illegal discrimination.

16. Defendant failed and refused to provide Plaintiff with reasonable accommodations to perform the duties of his employment.

17. At all relevant times, Defendant was responsible for the acts and omissions of its agents and employees.

18. Defendant knew or should have known of the propensity of its agents and employees to discriminate based upon disability and/or perceived disability.

19. Specifically, Defendant knew or should have known that its employees and agents were terminating Plaintiff for reasons which were wrongful in that Plaintiff's termination was based upon his disability and/or perceived disability.

20. As a direct and proximate result of Defendant's conduct, by and through its employees and agents, Plaintiff suffered emotional distress, anguish, humiliation and embarrassment.

21. As a direct and proximate result of Defendant's conduct, Plaintiff has lost wages and benefits which he would have continued to receive, but for Defendant's discrimination. Plaintiff will continue to lose wages and benefits in the future.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in favor of Plaintiff, against Defendant, as set forth below:

A. Order Defendant to take such affirmative actions as are necessary to ensure that Defendant's discriminatory practices are eliminated;

B. Award Plaintiff compensatory damages which will adequately and fairly compensate Plaintiff for all of his damages, lost wages, lost

        benefits, embarrassment, humiliation and emotion distress caused by Defendant's discrimination;

C.      Award Plaintiff any other relief deemed to be just an appropriate.

**PLAINTIFF REQUESTS CLERK TO ISSUE SUMMONS**

        **MCCHESNEY & ORTWERTH, L.L.C.**

        **/s/ Brian S. McChesney**
        **Brian S. McChesney #6212226**
        *bmcchesney@gatewayinjurylaw.com*
        **Craig M. Ortwerth #6257607**
        *cortwerth@gatewayinjurylaw.com*
        **One South Memorial Drive – Suite 1975**
        **St. Louis, Missouri 63102**
        **(314) 584-4500**
        **(314) 584-4501 facsimile**
        *Attorneys for Plaintiff Gary Younce*